UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT QUINCY THOMAS,<br>Plaintiff,<br>v.<br>J. LOFTIN, et al.,<br>Defendants. | No. 2:26-cv-2132 CSK P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 19, 2026, defendants filed a motion for extension of time to file a responsive pleading, and sought clarification of the Court's August 12, 2026 screening order.

A. <u>Motion for Clarification</u>

First, defendants seek clarification as to whether plaintiff is only permitted to proceed against defendants in their individual capacities, noting plaintiff claimed he was suing all the named defendants "in their official and individual capacity." (ECF No. 13 at 2 (citing ECF No. 1 at 6.).) Claims for damages against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 344-45 (1979); <u>see also</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment

does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities). Therefore, plaintiff's claims for monetary damages against defendants J. Loftin, J. Whitlow, T. Hodge, and N. St. Andre in their official capacity are barred by the Eleventh Amendment and must be dismissed.

Second, defendants sought clarification concerning plaintiff's references to the Americans with Disabilities Act ("ADA"). (ECF No. 11 at 2.) This Court previously found that "this case proceeds solely on plaintiff's Eighth Amendment claims." (ECF No. 6 at 2.) Plaintiff makes passing references to the fact that he is disabled under the ADA. (ECF No. 1 at 3, 4.) Despite his statement in his third claim that defendants' actions "are clearly in violation of the ADA," plaintiff's complaint clearly identifies his three claims as claims under the Eighth and Fourteenth Amendments[1] (ECF No. 1 at 1-3), and does not include a separate ADA claim. (ECF No. 1, passim.) This finding is further supported because plaintiff only seeks money damages, which are generally not available under the ADA, he did not name a public entity defendant, and he included no factual allegations that he was excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity, or that such exclusion, denial of benefits or discrimination was because of plaintiff's disability. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); see also Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). Plaintiff's allegations as to the use of excessive force are squarely governed by the Eighth Amendment, not the ADA.

Thus, to the extent plaintiff was attempting to also raise a claim under the ADA, such putative claim is also dismissed.

B. Motion for Extension

Good cause appearing, defendants' motion for extension of time to file a responsive pleading is granted.

[1] In the screening order, the Court found that plaintiff's Fourteenth Amendment claims are subsumed by the Eighth Amendment and do not state separate Fourteenth Amendment claims. (ECF No. 6 at 2.)

C. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case;
2. Defendants' motion for clarification and for an extension of time to file a responsive pleading (ECF No. 13) is granted.
3. Defendants shall file and serve a response to plaintiff's complaint within twenty-one days from the date of this order.

Further, IT IS RECOMMENDED that plaintiff's claims for monetary damages against defendants J. Loftin, J. Whitlow, T. Hodge, and N. St. Andre in their official capacity should be dismissed, and any putative ADA claim should also be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/thom2132.57